## LARRICK v WALTERS

Ohio Appeals, 7th Dist, Noble Co

Decided Nov 26, 1931

G. D. Dugan, Cambridge, Smith & Smith, Xenia, and E. P. McGinnis, Caldwell, for Larrick.

U. H. Buckley, Caldwell, for Walters.

FARR, J.

As soon thereafter as convenient, he returned to Noble County, and in 1929, this action was begun to recover for the food, clothing and care of his wife, under favor of §8003 GC, which reads as follows:

"If the husband neglects to make adequate provision for the support of his wife, any other person in good faith may supply her with necessities for her support, and recover the reasonable value thereof from the husband."

It may be noted, also, that at about the time this action was begun against Larrick, that Mrs. Walters began a suit for an allowance of alimony for Mrs. Larrick, the result of which was that an order was made in the sum of $1,000.00.

It is insisted, however, that the defendant in error is not entitled to recover under §8003 GC for the reason that during the time Walters cared for Mrs. Larrick, that she was Larrick's divorced wife, and it is urged that under the "full faith and credit provisions" of the Constitution of the United States, that the divorce granted to the

husband, in the State of Washington, must be recognized in Ohio, and, if not for that reason, that it must be recognized under the rule of comity between the states.

The divorce was granted to Larrick upon the ground of what is termed "chronic dementia" of his wife, and this is a ground of divorce not recognized by the law of Ohio.

In this connection, helpful information as to the rule obtaining in such cases may be acquired from 9 R. C. L., pages 514-515-516, but which will not be quoted here.

By reference to the foregoing, it will be observed in the case of John W. Haddock v Harriet Haddock, 26 Supreme Court Reporter, 525, 201 U. S., it is held:

"Judgment—Full faith and credit—enforcement of divorce decree in other state. The mere domicile within the state of one party to the marriage does not give the courts of that state jurisdiction to render a decree of divorce enforceable in all the other states by virtue of the full faith and credit clause of the Federal Constitution against a non-resident who did not appear, and was only constructively served with notice of the pendency of the action."

The foregoing was a case widely discussed, and attracting much interest on the part of the bench and bar throughout the United States, and the principle there announced may be well applied in the instant case.

Another case controlling in this jurisdiction is that of **Doerr v Forsythe, Adm'x. 50 Oh St, 726**, where it is held as follows:

"A divorce obtained by a husband from his wife in another state, without service other than by publication, and she being at the time a citizen of and residing in this state, does not in any way affect her property rights in this state."

It was argued in the presentation of this case that the Supreme Court of Ohio evidently did not intend to extend the principle, announced in the above case, beyond that announced in the cases of **Mansfield v McIntire, 10 Ohio, 27; Woods v Waddell, 44 Oh St, 449; McGill v Deming, 44 Oh St, 645;** which relate to dower and alimony.

However, it is clear that if the Supreme Court made any mistake in the principle announced in the above case of Doerr v Forsythe, it had both time and opportunity to rectify the same, but which it then and has ever since failed to do.

It will be recalled that after Mrs. Larrick's ten years of married life, in which, she bore four sons to Larrick, that she became insane, possibly the price she paid for motherhood.

It is, also, disclosed that after her removal to the hospital, he failed to visit or care for her in any way, or to contribute to her support, and that in 1917, when she may have begun to manifest some evidence of improvement, he sought a divorce from her in the courts of Noble County; but, having been denied the object of his ambition in this behalf, he emigrated to a western state, where he evidently felt that acquaintances would be fewer, and the opportunities better to perpetrate this wrong upon his helpless wife.

It is not to be wondered at that a court, not sufficiently advised in the premises, should have granted the decree as it did, but surely, this man, in, at least, comfortable circumstances should not be aided by the law of his own state in unloading a responsibility which, by every rule of right and reason, belonged to him, and be permitted to place it upon other shoulders. Especially since it is said that he is the owner of some 600 acres of land in Noble County, and of properties in Ava, Pleasant City and Zanesville.

Therefore, by reason of the manner of obtaining the divorce, by reason of the holding in the above case of Doerr v Forsythe, the judgment in this cause should be affirmed, and it is so ordered.

Judgment affirmed.

POLLOCK, J, concurs.